IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.

ALBERTO PIMENTEL-RODRIGUEZ aka "Alberto"

Defendant.

CRIM. NOS. 19-604 [37] (PAD) and 19-271 (GAG)

PLEA AND FORFEITURE AGREEMENT

TO THE HONORABLE COURT:

The United States of America, and Defendant **Alberto Pimentel-Rodriguez**, through his counsel, Ramon Muniz-Santiago, Esq., pursuant to Federal Rule of Criminal Procedure 11, state that they have reached a Plea and Forfeiture Agreement, the terms and conditions of which are as follows:

**1. Charges to which Defendant will Plead Guilty**

The Defendant agrees to plead guilty to Count One in Crim. No. 19-604 and to Count Four in Crim. No. 19-271.

Count One in Crim. No. 19-604 charges, in sum and substance, that from in or about the year 2013, and continuing up to and until the return of the instant Indictment, in the Municipality of Ponce, in the District of Puerto Rico and within the jurisdiction of this Court, **Alberto Pimentel-Rodriguez**, and the defendants also charged, did knowingly and intentionally, combine, conspire, and agree with each other and with diverse other persons known and unknown to the Grand Jury, to commit an offense against the United States, that is, to knowingly and intentionally distribute controlled substances, to wit: one (1)

kilogram or more of a mixture or substance containing a detectable amount of heroin, a Schedule I Narcotic Drug Controlled Substance; two hundred and eighty (280) grams or more of a mixture or substance containing a detectable amount of cocaine base (crack), a Schedule II Narcotic Drug Controlled Substance; five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II, Narcotic Drug Controlled Substance; one hundred (100) kilograms or more of a mixture or substance containing a detectable amount of marijuana, a Schedule I, Controlled Substance; all within one thousand (1,000) feet of the real properties comprising housing facilities owned by a public housing authority, that is, the José N. Gándara Public Housing Project and the Hogares de Portugués Public Housing Project. All in violation of Title 21, United States Code Sections 841(a)(1), 846, and 860.

Count Four in Crim. No. 19-271 charges that on April 16, 2019, in the District of Puerto Rico and within the jurisdiction of this Court, **Alberto Pimentel-Rodriguez**, did knowingly possess a firearm, a Glock pistol, model 22, .040 caliber, bearing serial number CAK434US, in furtherance of drug trafficking crimes as charged in Counts One, Two and Three of that indictment. All in violation of Title 18 U.S.C. § 924(c)(1)(A).

2. **Maximum Penalties**

As to **Count One in Crim. No. 19-604**, the maximum statutory penalty is a term of imprisonment which shall not be less than ten years and up to two terms of life, a fine not to exceed twenty million dollars pursuant to Title 21 U.S.C. §§ 841(b)(1)(A), 846, and 860 and a supervised release term of not less than ten years, pursuant to 18 U.S.C. § 3583(b)(1) and Title 21 U.S.C. § 860.

However, based on the stipulated and agreed amount of narcotics possessed by Defendant, that is, less than 50 grams of cocaine, the penalty for the offense shall be a term of imprisonment of not less than One (1) year and not more than Forty (40) years, a fine not to exceed $2,000,000, and a term of supervised release of at least 6 years; all pursuant to Title 21 U.S.C. §§ 841(a)(1)(b)(1)(C), 846, and 860, and 18 U.S.C. § 3583(b)(2).

As to the offense charged in **Count Four in Crim. No. 19-271**, the penalty is a term of imprisonment of not less than five (5) years and up to life imprisonment, to be served consecutive from any other count of conviction; and a fine not to exceed $250,000.00, and a term of supervised release up to five (5) years, all for violation of Title 18 U.S.C. § 924(c)(1)(A).

### 3. Sentencing Guidelines Applicability

Defendant understands that the sentence will be imposed by the Court in accordance with 18 U.S.C. §§ 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which are advisory pursuant to the United States Supreme Court decision in *United States v. Booker*, 543 U.S. 220 (2005). Further, Defendant acknowledges that parole has been abolished, and that the imposition of Defendant's sentence may not be suspended.

### 4. Special Monetary Assessment

Defendant agrees to pay a special monetary assessment ("SMA") of one hundred dollars ($100.00) per count of conviction. The SMA will be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. § 3013 (a)(2)(A).

## 5. Fines and Restitution

The Court may, pursuant to § 5E1.2 of the Guidelines order Defendant to pay a fine. The Court may also impose restitution. Defendant agrees to execute and make available, prior to sentencing, a standardized financial statement (OBD Form 500). The United States will advocate on behalf of any identified victim, and comply with its obligations under the Mandatory Victim Restitution Act of 1996.

## 6. Sentence to be Determined by the Court

Defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot make and has not made any promise or representation as to what sentence Defendant will receive. Any discussions that the parties might have had about possible sentences are not binding in any way on the Court, and do not constitute representations about what the parties will seek, or what the actual sentence will be.

## 7. Recommended Sentencing Guidelines Calculations

After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the United States and Defendant submit that the advisory Guidelines calculations listed below apply to Defendant. However, Defendant acknowledges that the Court is not required to accept those recommended Guidelines calculations.

**INTENTIONALLY LEFT BLANK**

| SENTENCING GUIDELINES' CALCULATIONS<br>COUNT ONE in No. 19-604<br>Title 21 U.S.C. §§ 841(a)(1), 846 and 860 | | | | | |
|---|---|---|---|---|---|
| Base Offense Level pursuant to U.S.S.G. §2D1.1(c)(14) | | | | | 12 |
| Protected Location U.S.S.G. §2D1.2(a)(1) | | | | | +2 |
| Acceptance of Responsibility pursuant to U.S.S.G. §3E1.1 | | | | | -2 |
| **TOTAL ADJUSTED OFFENSE LEVEL** | | | | | 12 |
| CH Cat. I | CH Cat. II | CH Cat. III | CH Cat. IV | CH Cat. V | CH Cat. VI |
| 10-16 | 12-18 | 15-21 | 21-27 | 27-33 | 30-37 |

| COUNT FOUR in No. 19-271<br>Title 18 U.S.C. § 924 (c)(1)(A) |
|---|
| As to Count Four in No. 19-271, the United States and Defendant submit that pursuant to United States Sentencing Guidelines § 2K2.4(b), a defendant that is convicted of violating 18 U.S.C. § 924 (c)(1)(A), has a guideline sentence equal to the minimum term of imprisonment required by statute. In the present case, pursuant to 18 U.S.C. § 924(c)(1)(A)(i), there is a minimum term of imprisonment of **sixty (60) months**. |



8. **Sentence Recommendation**

The parties, after due considerations of the relevant factors enumerated in 18 U.S.C. § 3553(a), agree to recommend that Defendant be sentenced to 12 months of imprisonment for COUNT ONE in No. 19-604, regardless of criminal history category, and a consecutive term of 60 months of imprisonment for COUNT FOUR in No. 19-271, for a total of 72 months.

The parties agree that any recommendation by either party for a term of imprisonment below or above the stipulated sentence recommendation will constitute a material breach of the Plea Agreement.

9. **No Stipulation as to Criminal History Category**

The parties do not stipulate as to any Criminal History Category for the Defendant.

## 10. Waiver of Appeal

Defendant knowingly and voluntarily agrees that, if the imprisonment sentence imposed by the Court is 72 months or less, Defendant waives the right to appeal any aspect of these cases' judgment and sentence, including, but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

## 11. No Further Adjustments or Departures

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variant sentence under 18 U.S.C. § 3553 — other than any explicitly provided for in this Plea Agreement — shall be sought by Defendant. The parties agree that any request by Defendant for an adjustment or departure that is not explicitly provided for in this Plea Agreement will be considered a material breach of this Plea Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.



## 12. Satisfaction with Counsel

Defendant is satisfied with counsel, Ramon Muniz-Santiago, Esq., and asserts that counsel has rendered effective legal assistance.

## 13. Rights Surrendered by Defendant Through Guilty Plea

Defendant understands that by entering into this Plea Agreement, Defendant surrenders and waives certain rights as detailed in this agreement. Defendant understands that the rights of criminal defendants include the following:

   a. If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel.

The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree.

b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.



e. At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

14. **Stipulation of Facts**

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect. Defendant agrees and accepts that had the matters proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.

15. **Limitations of Plea Agreement**

This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant. It does not bind any other federal district, state, or local authorities.

16. **Entirety of Plea Agreement**

This written agreement constitutes the complete Plea Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea Agreement and denies the existence of any other terms and conditions not stated herein.

17. **Amendments to Plea Agreement**

No other promises, terms or conditions will be entered into between the parties unless they are in writing and signed by all parties.

18. **Dismissal of Remaining Counts**

At sentencing should there be any pending counts, and should the Defendant comply with the terms of this Plea Agreement, the United States will move to dismiss the remaining counts of the Indictments pending against Defendant in both cases.

19. **Voluntariness of Plea Agreement**

Defendant acknowledges that no threats have been made against Defendant and that Defendant is pleading guilty freely and voluntarily because Defendant is guilty.

20. **Breach and Waiver**

Defendant agrees that defendant will have breached this Plea Agreement if, after entering into this Plea Agreement, Defendant: (a) fails to perform or to fulfill completely

each and every one of Defendant's obligations under this Plea Agreement; (b) engages in any criminal activity prior to sentencing; or (c) attempts to withdraw Defendant's guilty plea. In the event of such a breach, the United States will be free from its obligation under this Plea Agreement and Defendant will not have the right to withdraw the guilty plea. Moreover, Defendant agrees that if Defendant is in breach of the Plea Agreement, Defendant is deemed to have waived any objection to the reinstatement of any charges under the Indictment, Information, or complaint which may have previously been dismissed or which may have not been previously prosecuted.

### 21. Potential Impact on Immigration Status

Pursuant to Federal Rule of Criminal Procedure 11(b)(1)(O), Defendant hereby agrees and recognizes that if convicted, a Defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.



### 22. Felony Conviction

Defendant hereby agrees and recognizes that the plea of guilty in this case will be recognized as a felony conviction, which will result in the loss of certain rights, including but not limited to the right to vote in a federal election, to serve as a juror, to hold public office, and to lawfully possess a firearm.

### 23. Forfeiture Provision

Defendant agrees to waive and forgo any interests or claims over any firearms and ammunition or other property involved or used in the commission of the offenses.

Defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise Defendant of this, pursuant to Rule 11(b)(1)(J), at the time Defendant's guilty plea is accepted.

Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, *habeas corpus*, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. Defendant acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct, giving rise to forfeiture and/or substitute assets for property otherwise subject to forfeiture.

Defendant, by agreeing to the forfeiture stated above, acknowledges that such forfeiture is not grossly disproportionate to the gravity of the offense conduct to which Defendant is pleading guilty. Defendant agrees that the forfeiture provisions of this Plea Agreement are intended to and will survive Defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability

of any particular property pursuant to this agreement shall be determined as if Defendant had survived, and that determination shall be binding upon Defendant's heirs, successors and assignees until the agreed forfeiture, including any agreed money judgment, is collected in full.

W. STEPHEN MULDROW
United States Attorney

_____
Alberto R. López-Rocafort
Assistant U.S. Attorney
Chief, Gang Section
Dated: 11/2/2020

_____
Enrique Silva-Avilés
Assistant U.S. Attorney
Dated: NOV 0 2 2020

_____
Ramon Muniz-Santiago, Esq.
Counsel for Defendant
Dated: 11/5/2020

_____
Alberto Pimentel-Rodriguez
Defendant
Dated: 11-5-2020

## UNDERSTANDING OF RIGHTS

I have consulted with counsel and fully understand all of my rights as to the charges pending against me. Further, I have consulted with my attorney and fully understand my rights as to the provisions of the Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the Plea Agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and voluntarily agree to it.

Date: 11-5-2020

Alberto Pimentel-Rodriguez
Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending charges. Further, I have reviewed the applicable provisions of the Guidelines and I have fully explained to Defendant the provisions of those Guidelines that may apply in this case. I have carefully reviewed every part of this Plea Agreement with Defendant. I have translated the Plea Agreement and explained it in the Spanish language to the Defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this Plea Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: 11/5/2020

Ramon Muniz-Santiago
Counsel for Defendant

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in these cases, the Defendant **Alberto Pimentel-Rodriguez** acknowledges that he is guilty as charged in both Indictments and admits the following:

**Crim. No. 19-604:**

Beginning not later than the year 2013 and continuing up to and until the return of the indictment, in the Municipality of Ponce, in the District of Puerto Rico and within the jurisdiction of this Court, **ALBERTO PIMENTEL-RODRIGUEZ**, and other members of the drug trafficking organization, did knowingly and intentionally, combine, conspire, and agree with each other and with diverse other persons known and unknown to the Grand Jury, to commit an offense against the United States, that is, to knowingly and intentionally distribute controlled substances, to wit: one (1) kilogram or more of a mixture or substance containing a detectable amount of heroin, a Schedule I Narcotic Drug Controlled Substance; two hundred and eighty (280) grams or more of a mixture or substance containing a detectable amount of cocaine base (crack), a Schedule II Narcotic Drug Controlled Substance; five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II, Narcotic Drug Controlled Substance; one hundred (100) kilograms or more of a mixture or substance containing a detectable amount of marijuana, a Schedule I, Controlled Substance; all within one thousand (1,000) feet of the real properties comprising housing facilities owned by a public housing authority, that is, the José N. Gándara Public Housing Project and the Hogares de Portugués Public Housing Project. All in violation of Title 21, United States Code §§ 841(a)(1), 846, and 860.

The object of the conspiracy was to distribute controlled substances at the José N. Gándara Public Housing Project; the Hogares de Portugués Public Housing Project, and other areas in the southern part of Puerto Rico, all for significant financial gain and profit. Defendant **ALBERTO PIMENTEL-RODRIGUEZ** acted as seller for the drug trafficking organization. As such, he would distribute street quantity amounts of heroin, cocaine, crack cocaine and marijuana.

Defendant equally concedes that multiple kilograms of heroin, cocaine, cocaine base and marijuana were distributed during the conspiracy. However, for purposes of this plea agreement, the Defendant acknowledges that during the conspiracy charged in No. 19-604 he possessed with intent to distribute less than 50 grams of cocaine.

**Crim. No. 19-271:**

On April 16, 2019, Puerto Rico Police Department Ponce Narcotics agents executed a state search warrant at a residence in the Bogota Street, Belgica Ward in Ponce, Puerto Rico. Upon entering the residence, the agents encountered **ALBERTO PIMENTEL-RODRIGUEZ**, and three other male subjects. During the warrant's execution, agents found a loaded Glock pistol, model 22, .040 caliber, bearing serial number CAK434US containing 28 rounds of .40 caliber ammunition in a high capacity magazine. The agents also discovered cocaine, crack cocaine, marijuana, US Currency, and drug paraphernalia. Defendant admits that the described items were his, and that he possessed said firearm in furtherance of the drug trafficking crimes charged in that indictment.

Had any of these two matters proceeded to trial, the United States would have presented physical and documentary evidence, photographs, audio recordings, testimony

of expert witnesses, as well as the testimony of law enforcement agents, among other evidence, which would have proven beyond a reasonable doubt that Defendant **Alberto Pimentel-Rodriguez** is guilty as charged in Count One of Crim. No. 19-604 and Count Four of Crim. No. 19-271.

Discovery was timely made available to Defendant for review.

_____
Alberto R. López-Rocafort
Assistant U.S. Attorney
Chief, Gang Section
Dated: _____

_____
Ramon Muniz-Santiago, Esq.
Counsel for Defendant
Dated: 11/5/2020

_____
Enrique Silva-Avilés
Assistant U.S. Attorney
Dated: NOV 02 2020

_____
Alberto Pimentel-Rodriguez
Defendant
Dated: 11-5-2020